UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

Attorneys for Plaintiff, Individually and on behalf of all others similarly situated

| | |
|---|---|
| Bolivar Juca, on behalf of himself and all other persons similarly situated, | DOCKET NO. _____ |
| Plaintiffs, | |
| - vs. - | **COMPLAINT** |
| Crystal Room, L.P. d/b/a Blue Ribbon Brasserie, Bruce Bromberg, and Eric Bromberg, | **COLLECTIVE ACTION** |
| Defendants. | |

Plaintiff Bolivar Juca, by and through his undersigned attorneys, for their complaint against defendants Crystal Room, L.P. d/b/a/ Blue Ribbon Brasserie, Bruce Bromberg, and Eric Bromberg, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1.  Plaintiff Bolivar Juca alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Crystal Room, L.P. d/b/a Blue Ribbon

Brasserie, Bruce Bromberg, and Eric Bromberg, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.  Mr. Juca further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for the defendants' violations of the Wage Theft Prevention Act.

## THE PARTIES

3.  Plaintiff Bolivar Juca is an adult individual residing in Queens, New York.

4.  Mr. Juca consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent was previously filed.

5. Defendant Crystal Room, L.P., d/b/a/ Blue Ribbon Brasserie, is a domestic limited partnership organized under the laws of the State of New York with a principal place of business at 97 Sullivan Street, Manhattan, New York 10012.

6. Defendant Crystal Room, L.P., (hereinafter referred to as "Blue Ribbon Brasserie") owns and operates the Blue Ribbon Brasserie, an american restaurant, located at 97 Sullivan Street, Manhattan, New York.

7. At all relevant times, defendant Blue Ribbon Brasserie was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. At all relevant times, defendant Blue Ribbon Brasserie has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Upon information and belief, at all relevant times, defendant Blue Ribbon Brasserie has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at all relevant times herein, defendant Blue Ribbon Brasserie has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

11. Upon information and belief, defendant Bruce Bromberg is an owner or part owner and principal of Blue Ribbon Brasserie, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. Defendant Bruce Bromberg was involved in the day-to-day operations of Blue Ribbon Brasserie and played an active role in managing the business.

13. Upon information and belief, defendant Eric Bromberg is an owner or part owner and principal of Blue Ribbon Brasserie, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14. Defendant Eric Bromberg was involved in the day-to-day operations of Blue Ribbon Brasserie and played an active role in managing the business.

15. Defendants constituted "employers" of Mr. Juca as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Juca's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has

jurisdiction over Mr. Juca's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. § 206 and § 207, Mr. Juca seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since April 2, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19. The Collective Action Members are similarly situated to Mr. Juca in that they were employed by defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

20. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

5

21. Mr. Juca and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

22. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

23. At all relevant times herein, defendants owned and operated Blue Ribbon Brasserie, an American restaurant located in Manhattan, New York.

24. Mr. Juca was employed at Blue Ribbon Brasserie from approximately 1993 until March 13, 2020.

25. Mr. Juca was employed as a sauce preparer.

26. Mr. Juca's work was/is performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

27. At all relevant times herein, Mr. Juca was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

28. During his employment by defendant Blue Ribbon Brasserie, Mr. Juca worked a regular schedule of six days per

6

week, Sunday through Friday, from 7 a.m. until 4 p.m., with Saturdays off.

29. As a result, he was working approximately 54 hours per week.

30. During the period of his employment by the defendants, Mr. Juca was paid a fixed weekly salary of $700 in cash during 2015, 2016 and 2017, and a fixed weekly salary of $959 in cash during 2018, 2019 and 2020.

31. Mr. Juca received this amount each week for all hours he worked, regardless of the exact number of hours he worked in a given week.

32. As a result, Mr. Juca's effective rate of pay was sometimes below the statutory New York City minimum wage in effect at relevant times.

33. Defendants' failure to pay Mr. Juca an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

34. Mr. Juca was paid in cash throughout his employment, and received no paystubs or wage statements of any sort with his pay.

35. In addition, the defendants failed to pay Mr. Juca any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law,

and the supporting New York State Department of Labor regulations.

36. Defendants' failure to pay Mr. Juca the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

37. Defendants failed to provide Mr. Juca with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain Mr. Juca's signature acknowledging the same, either upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

38. Defendants failed to provide Mr. Juca with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

39. Upon information and belief, throughout the period of Mr. Juca's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Juca (the Collective Action Members) in positions at the defendants' restaurants that required little skill, no capital investment, and with duties and responsibilities that

did not include any managerial responsibilities or the exercise of independent judgment.

40. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

41. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

42. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

43. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

44. Upon information and belief, while the defendants employed Mr. Juca and the Collective Action members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

45. Upon information and belief, while the defendants employed Mr. Juca and the Collective Action members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

46. Mr. Juca, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, Mr. Juca was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

48. Defendants willfully violated Mr. Juca's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

49. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

50. Due to the defendants' New York Labor Law violations, Mr. Juca is entitled to recover from the defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT II

### (Fair Labor Standards Act - Overtime)

51. Mr. Juca, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

52. At all relevant times, the defendants employed Mr. Juca and each of the Collective Action Members within the meaning of the FLSA.

53. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

54. As a result of defendants' willful failure to compensate their employees, including Mr. Juca and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have

violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

55. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

56. Due to the defendants' FLSA violations, Mr. Juca, and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

57. Mr. Juca, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, Mr. Juca was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59. Defendants willfully violated Mr. Juca's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour

12

worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

60. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

61. Due to the defendants' New York Labor Law violations, Mr. Juca is entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT IV

### (New York Labor Law – Wage Theft Prevention Act)

62. Mr. Juca, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

63. At all relevant times, Mr. Juca was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

64. Defendants willfully violated Mr. Juca's rights by failing to provide him with the wage notice required by the

Wage Theft Prevention Act when he was hired, or at any time thereafter.

65. Defendants willfully violated Mr. Juca's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

66. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Juca is entitled to recover from the defendants statutory damages of $250 per violation, from March 2015 through March 13, 2020, up to the maximum statutory damages.

67. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Juca is entitled to recover from the defendants statutory damages of $50 per day from March 2015 to March 13, 2020, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Juca respectfully requests that this Court grant the following relief:

  a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an

   FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Juca and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay the statutory

       minimum wage, and overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for the defendants' New York Labor Law violations;

h. Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and postjudgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated: April 2, 2021

                <u>/s/ Michael Samuel</u>
                Michael Samuel (MS 7997)
                THE SAMUEL LAW FIRM
                1441 Broadway
                Suite 6085
                New York, New York 10018
                (212) 563-9884
                Attorneys for Plaintiff,
                *Individually and on behalf of an FLSA collective action*