

101 Park Avenue, Suite 1700
New York, NY 10178
Tel 212.878.7900
Fax 212.692.0940
www.foxrothschild.com

GLENN S. GRINDLINGER
DIRECT DIAL: 212-905-2305
EMAIL: GGRINDLINGER@FOXROTHSCHILD.COM

June 7, 2021

**VIA ECF**

Hon. Vernon S. Broderick
United States District Judge
United States District Court,
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **Juca v. Crystal Room, L.P.** *et al.*
**Civil Action No. 1:21-cv-02855 (VSB)**

Your Honor:

We represent all Defendants in the above-referenced matter. We write jointly with Plaintiff to address the Court's May 21, 2021 Order.

As the Court knows, Plaintiff filed his Complaint in this action on April 2, 2021. *See* Dkt. No. 1. Defendants were served and filed a motion to extend the time to respond to the Complaint to May 31, 2021. *See* Dkt. No. 10. The Court granted Defendants' motion. *See* Dkt. No. 11. Before Defendants filed their responsive pleading, on May 20, 2021, Plaintiff filed a notice of voluntary dismissal, seeking to have the case dismissed without prejudice. *See* Dkt. No. 12. Plaintiff's filing prompted the Court to issue its May 21, 2021 Order (the "Order"). *See* Dkt. No. 13. The Order requires the parties to:

- Provide a copy of the Parties' settlement agreement for the Court to review; and

- Submit a joint letter explaining why the settlement agreement is fair and reasonable in accordance with *Beckert v. Rubinov*, No. 15 Civ.1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015).

Unfortunately, the Court wrongly assumes that the Notice of Voluntary Dismissal was filed because the parties settled their dispute; this is not the case. The parties did not enter into a settlement agreement. Indeed, no settlement agreement exists and therefore there is no document to submit to the Court for the Court to review. Rather, Plaintiff determined that he did not want to

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Minnesota   Nevada
New Jersey   New York   North Carolina   Pennsylvania   South Carolina   Texas   Virginia   Washington

123358900.1

<div align="right">
Hon. Vernon S. Broderick<br>
June 7, 2021<br>
Page 2
</div>

pursue his claims any further and asked his attorney to withdraw the action. This is the reason Plaintiff filed a stipulation of dismissal without prejudice.

Because Plaintiff does not wish to pursue the action, there is no longer a case or controversy before the Court. As Your Honor is aware, Article III of the United Stated Constitution allows courts to decide only "Cases" and "Controversies"; a court has no jurisdiction to decide legal disputes or expound on the law in the absence of a case or controversy. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). The Supreme Court has made clear that "an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Id*. at 90-91 (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 [2009]). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Id*. at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 [1982]).

Here, Plaintiff has indicated that he no longer wishes to pursue his claims against Defendants. As such, there is no "actual controversy" and the issues "are no longer live". *See Yu Feng Li v. Gonzales*, 217 F. App'x 52 (2d Cir. 2007) (holding that a court lacks jurisdiction to hear claims that have been withdrawn). Accordingly, the parties request that the Court dismiss the case for lack of jurisdiction. *See Brady v. Int'l Bhd. of Teamsters Local 817*, 741 F.3d 387, 389 (2d Cir. 2014) ("A case is properly dismissed for lack of subject matter jurisdiction . . .when the district court lacks the statutory or constitutional power to adjudicate it.") (internal quotation marks omitted); *see also Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) ("Under Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." (alteration and internal quotation marks omitted)).

<div style="margin-left: 50%;">
Respectfully submitted,<br>
**FOX ROTHSCHILD LLP**

*/s/ Glenn S. Grindlinger*

Glenn S. Grindlinger
</div>

cc: All Counsel of Record (*via* ECF)

123358900.1